GAGE VAN HORN & ASSOCIATES, INC., Appellant,

v.

Neil TATOM, Appellee.

No. 11–99–00330–CV.

Court of Appeals of Texas, Eastland.

Aug. 17, 2000.

Tom H. Whiteside, Carr, Hunt & Joy, Lubbock, for appellant.

Charles M. Walls, Law Offices of Sam J. Chase, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

**W.G. ARNOT, III, Chief Justice.**

This is an appeal from a summary judgment granted in favor of Neil Tatom. The trial court found that the covenant not to compete clause in appellee's employment contract with Gage Van Horn & Associates, Inc. (Gage Van Horn) was unenforceable. In addition to granting Tatom's summary judgment motion, the trial court awarded Tatom attorney's fees pursuant to the Declaratory Judgment Act. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997). Gage Van Horn challenges the award of attorney's fees, but not the propriety of the summary declaratory judgment, contending that: (1) the criteria set forth in the Covenants Not To Compete Act, TEX. BUS. & COM. CODE ANN. § 15.50 et seq. (Vernon Pamph. Supp.2000), for the award of attorney's fees preempts the application of the criteria set forth in the Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 et seq. (Vernon 1997 & Supp.2000); and (2) even if attorney's fees were properly awarded to Tatom under the Declaratory Judgment Act, his attorney's fees were not properly segregated between those expended in prosecuting his claim and those expended in defending against Gage Van Horn's counterclaim. We affirm.

Tatom went to work for Gage Van Horn in 1979 selling business forms, supplies, and filing systems. Upon the commencement of his employment, Tatom signed a document titled "Agreement" that contained the covenant not to compete that formed the substantive basis of the dispute in the trial court. The noncompete clause in issue states that:

The sales representative for a period of one (1) year after termination of employment with the company for whatever reason, will not as a sole proprietor, member of a partnership, employee, officer or agent of a corporation sell either directly or indirectly the same or similar products sold by the company nor will the sales representative sell to any of the company's accounts of such same or similar products within the franchised territory granted to the company by Tab Products Company of Palo Alto, California.

On or about April 1, 1998, Tatom's employment with Gage Van Horn ended, and he began selling competing business forms for a different company. On or about April 9, 1998, Gage Van Horn's attorney sent Tatom a cease and desist letter which conveyed Gage Van Horn's belief that Tatom was violating the covenant not to compete.

On May 8, 1998, Tatom filed a lawsuit pursuant to the Declaratory Judgment Act, seeking court construction of the covenant not to compete. Later in the day on May 8, 1998, Gage Van Horn filed a lawsuit, seeking damages for Tatom's alleged violations of the covenant not to compete. Gage Van Horn also sought a temporary restraining order and a temporary injunction to prevent Tatom from further violating the covenant not to compete. The trial court conducted a hearing on May 22, 1998, on Gage Van Horn's requested temporary injunction. The trial court denied Gage Van Horn's request for a temporary injunction; and this court, in an unpublished opinion dated December 31, 1998, affirmed the trial court's determination. *Gage Van Horn & Associates, Inc. v. Tatom*, No. 11–98–00152–CV (Tex.App.— Eastland, December 31, 1998, no pet'n) (not reported). On March 22, 1999, the trial court consolidated Tatom's declaratory judgment action and Gage Van Horn's action to enforce the covenant not to compete.

On June 28, 1999, Tatom filed a motion for summary judgment under TEX. R.APP.P. 166a(c) on his declaratory judgment action, contending that the covenant not to compete was unenforceable as a matter of law because it was not "ancillary to or part of an otherwise enforceable agreement at the time the agreement [was] made." Section 15.50(a). In addition, Tatom requested attorney's fees pursuant to the Declaratory Judgment Act. See Section 37.009. The trial court granted summary declaratory judgment in favor of Tatom and awarded attorney's fees as requested. On appeal, Gage Van Horn challenges only the award of attorney's fees.

In its first issue, Gage Van Horn contends that the attorney's fees provision of the Covenants Not To Compete Act preempts the award of attorney's fees to Tatom pursuant to the Declaratory Judgment Act in this case.

■ The Declaratory Judgment Act gives the trial court discretion to award "reasonable and necessary attorney's fees as are equitable and just" in a declaratory judgment action. Section 37.009. In contrast, to recover attorney's fees for "defending the action to enforce the covenant" under the Covenants Not To Compete Act, an ex-employee must show that:

> [T]he promisee knew at the time of the execution of the agreement that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promisee, and the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promisee.

Section 15.51. The Covenants Not To Compete Act also provides that:

> [T]he procedures and remedies in an action to enforce a covenant not to compete provided by Section 15.51 of this code are exclusive and preempt any other ... procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise.

Section 15.52. It is this preemption language that Gage Van Horn relies on for the proposition that the award of attorney's fees to Tatom in this case was erroneous.

■ When a statute is clear and unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it. *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 133 (Tex. 1994). The legislature's intent is determined from the plain and common meaning of the words used. *Monsanto Company v. Cornerstones Municipal Utility District*, 865 S.W.2d 937, 939 (Tex.1993). The Supreme Court has stated:

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them.

They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985)(quoting *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920)).

The plain meaning of the words used by the legislature in the Covenants Not To Compete Act indicates that the attorney's fees awarded to Tatom were not preempted. Section 15.51 provides the criteria for determining the availability of attorney's fees to an ex-employee who is "defending the *action to enforce* the covenant." (Emphasis added) Similarly, Section 15.52 provides that the procedures and remedies set forth in Section 15.51 preempt all others in an *"action to enforce* a covenant." (Emphasis added) Therefore, the procedures and remedies set forth in the Covenants Not To Compete Act have preemptive effect only in an action to enforce a covenant not to compete. The declaratory judgment action filed by Tatom, which was the first claim filed in this matter and the claim on which summary judgment was granted,[1] was not and could not be an action to enforce a covenant. By the plain language of the Act, the procedures and remedies, including attorney's fees, set forth in Section 15.51 of the Covenants Not To Compete Act had no preemptive effect on Tatom's declaratory judgment action. The trial court's award of attorney's fees to Tatom pursuant to the Declaratory

Judgment Act was not error. Gage Van Horn's first issue is overruled.

■ In its second issue, Gage Van Horn asserts that, even if the Covenants Not To Compete Act does not preempt the award of attorney's fees pursuant to the Declaratory Judgment Act, the amount of attorney's fees was not properly determined by the trial court. Specifically, Gage Van Horn argues that only those attorney's fees expended prosecuting the declaratory judgment action, and not those expended litigating Gage Van Horn's attempt to garner a temporary injunction, should have been awarded to Tatom.

■ The Declaratory Judgment Act provides that the trial court may award "reasonable and necessary attorney's fees as are equitable and just." Section 37.009. The decision to grant or deny attorney's fees is within the trial court's sound discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). However, any fees granted must be reasonable and necessary, which are questions of fact, as well as equitable and just, which are questions of law. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998).

■ Unless authorized by statute or contract, a party is not entitled to recover attorney's fees. *Dallas Central Appraisal District v. Seven Investment Company*, 835 S.W.2d 75, 77 (Tex.1992). Additionally, if attorney's fees are authorized for some, but not all, of a party's claims, that party generally has the duty to segregate the recoverable attorney's fees from the unrecoverable attorney's fees. *Stewart Title Guaranty Company v. Sterling*, 822 S.W.2d 1, 10–11 (Tex.1991). This general rule is subject to an exception. A party is not required to segregate attorney's fees incurred in litigating different claims if the claims involved the same set of facts or circumstances and are "intertwined to the point of being inseparable." *Stewart Title Guaranty Company v. Sterling, supra* at

---

1. See *Brush v. Reata Oil and Gas Corporation*, 984 S.W.2d 720, 730–31 (Tex.App.—Waco 1998, pet'n den'd), wherein the court dismissed the argument that a party could, by filing a countersuit, destroy the essential nature of the original declaratory judgment action.

11. In a situation in which a party's prosecution or defense involves proof or denial of essentially the same facts, the party is entitled to recover the entire amount covering all claims; subject only to the requirement that the attorney's fees be reasonably and necessarily incurred as well as equitable and just. *Stewart Title Guaranty Company v. Sterling, supra* at 11; Section 37.009.

In this case, all of the attorney's fees incurred by Tatom in connection with the temporary injunction hearing and appeal involved the same set of operative facts and the same question of law originally raised by Tatom in his declaratory judgment action. The trial court's denial of the temporary injunction and this court's affirmance of that decision were based on the enforceability of the covenant not to compete, the exact issue in Tatom's original suit. As such, Tatom's attorney's fees fell within the exception to the general rule regarding segregation of attorney's fees. *McLendon v. McLendon*, 862 S.W.2d 662, 672–74 (Tex.App.—Dallas 1993, writ den'd). Gage Van Horn's second issue is overruled.

The judgment of the trial court is affirmed.