Opinion filed April 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00144-CV 

                                                    __________

 

                      DEARL FLOWERS & LOIS FLOWERS, Appellants

 

                                                             V.

 

                  ATILANO ZUNIGA & GRICELDA
ZUNIGA, Appellees         

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector
County, Texas

 

                                                Trial
Court Cause No. A-117,462

 



 

                                             M E M O R A
N D U M   O P I N I O N                    

 

Atilano
and Gricelda Zuniga filed a declaratory judgment action seeking to have a real
estate purchase agreement they entered into with Dearl and Lois[1]
Flowers declared an executory contract.  The trial court found that the real
estate purchase agreement was an executory contract for the purchase of real
property.  The trial court awarded the Zunigas $10,100 in damages.  We affirm.








The
Zunigas and Flowers entered into a real estate purchase agreement (the
agreement) in which the Zunigas were to purchase a home from the Flowers.  The
Flowers agreed to finance the purchase of the property, and the terms of the
agreement provided:

Buyer
agrees to pay the total amount of $65,000.00 with the interest rate of 0%. 
Down payment of $6,500.00 payable as follows: $2,000.00 on date of signing and
four payments of $1,125.00 beginning October 10, 2002 and monthly payments of
$400.00 per month due and payable on the 10th day of each month beginning on
November 10th, 2002 until the total of $65,000.00 is paid.

 

The record shows
that the Zunigas paid the $6,500 down payment and also paid $3,600 in monthly
payments.  On August 20, 2003, the Flowers sent the Zunigas a A3 day eviction notice@ due to noncompliance with
the agreement by failing to maintain the insurance on the property.  The
Zunigas complied with the notice and vacated the property.  The Zunigas filed a
declaratory judgment seeking to have the agreement declared an executory
contract pursuant to Tex. Prop. Code Ann.
ch. 5(D) (Vernon 2004 & Supp. 2007).  A jury trial was held on April 20,
2006.  During the trial, the trial court determined that all issues before the
jury were questions of law to be decided by the court.  The trial court
dismissed the jury and found that the agreement was an executory contract.  The
Flowers appeal.

In
their first point of error, the Flowers argue that the trial court erred in
finding that the agreement was an executory contract.  An executory contract is
also known as a contract for deed.  Flores v. Millennium Interests, Ltd.,
185 S.W.3d 427, 429 (Tex. 2005).  A contract for deed is an agreement by a
seller to deliver a deed to property once certain conditions have been met.  Ward
v. Malone, 115 S.W.3d 267, 270-71 (Tex. App.CCorpus
Christi 2003, pet. denied); Graves v. Diehl, 958 S.W.2d 468, 470 (Tex.
App.CHouston [14th
Dist.] 1997, no pet.).  These contracts typically provide that, upon the making
of a down payment, the buyer is entitled to immediate possession of the
property; however, the seller is not obliged to deliver legal title to the
property until the buyer pays the purchase price in full.  Ward, 115
S.W.3d at 271.  The purchase price is typically paid in installments over a
course of several years.  Id.








The
Flowers argue that the agreement was not an executory contract because the
agreement provided for a closing after the Zunigas completed paying the down
payment.  The agreement stated that A[c]losing
shall take place upon the final tender of the $6,500.00 down payment.@  It is undisputed that the
Zunigas paid the entire $6,500 down payment and that the parties never closed
on the property.  The agreement states that the Zunigas will pay the balance of
the down payment in four payments beginning October 10, 2002; however, the
agreement does not state a payment schedule for the remaining payments.  The
agreement does not specifically provide that the four payments are to be made
monthly.  Rather, the agreement states that the first payment is due
October 10, 2002, and that the monthly payment of $400 toward the purchase
price is to be paid monthly.  The agreement does not provide a specific time
frame in which the down payment is to be completed.  Therefore, there is no
anticipated date for closing.  Because the agreement provides for certain
conditions to be met at an unknown time before delivery of legal title, the
trial court did not err in finding the agreement to be an executory contract.

The
Flowers also argue that the trial court erred in awarding damages under Section
5.077. Section 5.077(a) provides that the seller Ashall
provide the purchaser with an annual statement in January of each year for the
term of the executory contract.@ 
The statement must include the amount paid under the contract, the remaining
amount owed under the contract, the number of payments remaining under the
contract, as well as insurance and tax information.  Section 5.077(b).  A
seller who does not provide the annual statement is liable to the purchaser for
Aliquidated damages in
the amount of $250 a day for each day after January 31 that the seller fails to
provide the purchaser with the statement . . . and reasonable attorney=s fees.@  Section 5.077(d).

The
trial court did not award damages pursuant to Section 5.077.  The Zunigas did
not request liquidated damages pursuant to the statute but, rather, sought
attorney=s fees and
the return of all money paid under the contract.

Section
5.070(a)(1) states that, before an executory contract is signed by the purchaser,
the seller must provide the purchaser with a tax certificate.  The purchaser is
entitled to cancel and rescind the executory contract and receive a full refund
of all payments made to the seller if the seller fails to provide the tax
certificate.  Section 5.070(b)(2).  The trial court heard testimony that the
Flowers did not provide the tax certificate as required by Section
5.070(a)(1).  The trial court did not err in awarding the Zunigas $10,100 in
damages.  The Flowers=
first point of error is overruled.








In
their second point of error, the Flowers argue that the trial court denied them
due process of law in not allowing them to present their counterclaim for
damage done to the property.  The record does not show that the Flowers
requested to put on evidence relating to their counterclaim.  There is nothing
in the record to show that the Flowers objected to the denial of their
counterclaim.  Therefore, the Flowers have waived this issue for appellate review. 
Tex. R. App. P. 33.1(a).  The 
Flowers= second point
of error is overruled.

The
Zunigas bring two cross-issues arguing that the trial court erred in denying
their request for attorney=s
fees.  They first argue that the trial court should have awarded attorney=s fees pursuant to Section
5.077(d).

The
decision to grant or deny attorney=s
fees is within the trial court=s
sound discretion.  Oake v. Collin County, 692 S.W.2d 454, 455 (Tex.
1985); Gage Van Horn & Assocs., Inc. v. Tatom, 26 S.W.3d 730, 734
(Tex. App.CEastland
2000), pet. denied, 87 S.W.3d 536 (Tex. 2002).  However, any fees
granted must be reasonable and necessary, which are questions of fact, as well
as equitable and just, which are questions of law.  Bocquet v. Herring,
972 S.W.2d 19, 21 (Tex. 1998).

Unless
authorized by statute or contract, a party is not entitled to recover attorney=s fees.   Dallas Cent.
Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992); Gage
Van Horn, 26 S.W.3d at 734.   Additionally,
if attorney=s fees are
authorized for some, but not all, of a party=s
claims, that party generally has the duty to segregate the recoverable attorney=s fees from the
unrecoverable attorney=s
fees.  Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10‑11
(Tex. 1991); Gage Van Horn, 26 S.W.3d at 734.  A party is not required
to segregate attorney's fees incurred in litigating different claims if the
claims involved the same set of facts or circumstances and are Aintertwined to the point of
being inseparable.@  Stewart Title Guar. Co., 822 S.W.2d at 11; Gage
Van Horn, 26 S.W.3d at 734.








The
trial court found that both parties failed to substantially perform their
respective obligations under the contract.  The record shows that the Flowers
did not comply with more than one of the provisions dealing with executory
contracts.  The trial court did not specifically identify the provisions of the
Property Code with which it found that the parties did not comply.  Section
5.061 dealing with executory contracts provides various remedies for violating
the respective statutes.  The failure to provide some information required of
executory contracts allows the buyer to rescind the contract and receive a
refund of all payments made without awarding attorney=s fees.  See Section 5.070(b)(2). 
The trial court awarded the Zunigas as damages the refund of all payments made
under the agreement. We do not find that the trial court abused its discretion
in failing to award attorney=s
fees pursuant to Section 5.077(d).

The
Zunigas next argue that the trial court erred in refusing to award attorney=s fees pursuant to Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997). 
Section 37.009 states that Athe
court may award costs and reasonable and necessary attorney=s fees as are equitable and
just.@  The decision
to award attorney=s
fees pursuant to Section 37.009 is within the discretion of the trial court.  Gage
Van Horn, 26 S.W.3d at 734.  The trial court found that both parties failed
to comply with their obligations under the contract.  The Property Code
provided for the rescission of the contract and a return of all payments made. 
The trial court did not abuse its discretion in failing to award attorney=s fees pursuant to Section
37.009.  The Zunigas=
cross-issues on appeal are overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 10, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that Lois Flowers=s
name is also spelled Loyce Flowers.