In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00092-CV


______________________________





IN THE INTEREST OF J.A.P., A.K.A.C., D.J.P., AND C.C.P., CHILDREN





 


On Appeal from the 62nd Judicial District Court


Hopkins County, Texas


Trial Court No. CV 38,003




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Maria Campos Aguilar appeals the termination of her parent-child relationship with J.A.P.,
A.K.A.C., D.J.P., and C.C.P. The State alleged, among other things, that the children's father, Jose
I. Paz Rivera, sexually abused A.K.A.C. and transmitted herpes to A.K.A.C. The jury found that
Aguilar knowingly placed or knowingly allowed the children to remain in conditions, surroundings,
or with persons which endangered the physical or emotional well-being of the children and found
that Aguilar's parental rights should be terminated. At trial, the State introduced evidence concerning
Aguilar's oldest daughter M.R., who was not part of the termination proceeding. Aguilar's sole issue
on appeal is that the trial court erred in admitting the evidence concerning M.R. Because we find,
even if the issue was preserved for appellate review, the trial court did not abuse its discretion, we
affirm the judgment of the trial court. 

I. Preservation of Error

 The State claims error is not preserved for our review. To preserve error for appeal, a
defendant must (1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse
ruling. Tex. R. App. P. 33.1; see Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). 
According to the State, Aguilar merely filed a motion in limine, which was denied. (1) Aguilar, citing
Tex. R. Evid. 103(a)(1), argues error is preserved because Aguilar objected to the evidence and
obtained a ruling outside the presence of the jury.

 It is well settled that the granting of a motion in limine is not sufficient to preserve error for
review, but rather there must be a proper objection to the proffered evidence. Zinda v. McCann St.,
Ltd., 178 S.W.3d 883, 894 (Tex. App.--Texarkana 2005, pet. denied). A motion in limine seeks to
exclude objectionable matters from coming before the jury through a posed question, jury argument,
or other means. Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex. App.--Houston [14th Dist.] 2000,
no pet.). A motion in limine is a preliminary ruling by a trial court. A motion in limine is defined
as a procedural device that permits a party to identify, before trial, certain evidentiary rulings that
the court may be asked to make so as to prevent the asking of prejudicial questions and the making
of prejudicial statements in the presence of the jury. Fort Worth Hotel Ltd. P'ship v. Enserch Corp.,
977 S.W.2d 746, 757 (Tex. App.--Fort Worth 1998, no pet.). 

 In Aguilar's motion in limine, she requested the court exclude any evidence of "any alleged
actions by Mother towards a certain Ms. [M.R.]." While a motion in limine will not preserve an
issue for appellate review, the record establishes that Aguilar also presented the issue to the trial
court and obtained a ruling on the admissibility of the evidence. After the parties had given their
opening statements but before the first witness testified, the trial court dismissed the jury for lunch. 
When the court reconvened, the trial court made several rulings outside the presence of the jury. The
State requested that the court reconsider its ruling on Aguilar's motion in limine. Although the
request by the State could be interpreted as being limited to the motion in limine, the record shows
that the admissibility of the evidence was discussed on the merits. In response to the State's request,
the defense argued the evidence was inadmissible character evidence. Although the defense did not
say, "I object" or "objection," the substance of the defense's response was to object to the
presentation of the evidence, rather than merely request a motion in limine. In essence, the motion
in limine had served its purpose by requiring the State to present to the trial court, outside the jury's
presence, the justification for excluding the evidence. The record establishes that the trial court
treated the response as an objection. The court asked the State if it had a specific statute authorizing
the admissibility of the evidence. The State argued the evidence was admissible under Section
263.307 of the Texas Family Code as evidence of a history of abusive or assaultive conduct by the
child's family. The trial court ultimately ruled as follows: "All right. Then I'll allow it in. I'll allow
that evidence in. I'll overrule the objection to that evidence and allow it in for the purpose of
knowledge and as specific under that statute." We reject the State's claim that the ruling was limited
to the motion in limine.

 Thus, the situation before this Court is a nonparticularized objection on which the trial court
issued a ruling. Rule 103(a)(1) of the Texas Rules of Evidence provides:

 When the court hears objections to offered evidence out of the presence of the jury
and rules that such evidence be admitted, such objections shall be deemed to apply
to such evidence when it is admitted before the jury without the necessity of
repeating those objections.


Tex. R. Evid.103(a)(1). While the literal text of Rule 103(a)(1) appears to clearly apply to this
situation, the application of the literal text in civil cases (2) has been considerably less clear. Compare
Clark v. Trailways, Inc., 774 S.W.2d 644, 647 & n.2 (Tex. 1989) (holding in context of discovery
abuse that objection must be made when evidence offered, but suggesting in footnote a pretrial ruling
might preserve error in other contexts); Torrez v. Sanders, 163 S.W.3d 133, 134 n.1 (Tex.
App.--San Antonio 2005, no pet.) (finding ruling outside presence of jury preserved error); Huckaby
v. A. G. Perry & Son, Inc., 20 S.W.3d 194, 204-05 (Tex. App.--Texarkana 2000, pet. denied)
(concluding pretrial Daubert (3) ruling preserved error); In re Ch. E., No. 05-97-00055-CV, 1999 Tex.
App. LEXIS 5197 (Tex. App.--Dallas July 15, 1999, no pet.) (not designated for publication); 7
William V. Dorsaneo, III and Fred D. Nation, Jr., Texas Litigation Guide § 114.05 (LEXIS
current through 2009); 3 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil
Practice § 19:7 (2d ed. 2000 & Supp. 2008). One of the difficulties with this procedure is the
broad and general nature of the motion or objection to ("any alleged actions") whereas the ruling of
the court appears to overrule the objection and allow evidence only for the purpose of "knowledge"
and if the evidence is "under that statute." It is not necessary for us to decide whether the issue was
preserved in this case. As discussed below, even if error is preserved, the trial court did not abuse
its discretion in admitting the evidence. For the purposes of this opinion, we will assume--without
deciding--that error was preserved for our review. 

II. The Trial Court Did Not Err In Admitting the Evidence

 Aguilar argues, in her sole issue on appeal, the trial court erred in admitting evidence
concerning her relationship with M.R., her oldest daughter. Because the State was not seeking to
terminate the parent-child relationship between M.R. and Aguilar, Aguilar claims the evidence was
inadmissible under Rule 404(b) of the Texas Rules of Evidence. See Tex. R. Evid. 404(b). Rule
404(b) prohibits the admission of evidence of other crimes, wrongs, or acts used "to prove the
character of a person in order to show action in conformity therewith." Id. The State argues that the
evidence was admissible to determine whether termination was in the best interests of the children.

 We review the trial court's rulings in admitting or excluding evidence under an abuse of
discretion standard. In re J.T.G., 121 S.W.3d 117, 133 (Tex. App.--Fort Worth 2003, no pet.). The
test for abuse of discretion is not whether, in the opinion of the reviewing court the facts present an
appropriate case for the trial court's action; rather, it is a question of whether the court acted without
reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter
within its discretionary authority different than an appellate judge does not demonstrate such an
abuse. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1985).

 Aguilar argues she was entitled to be tried on the allegations the State made in its pleading,
rather than for being an unfit mother in general. The State has the burden of proving, by clear and
convincing evidence, (4) both the statutory ground(s) for termination, see Tex. Fam. Code Ann.
§ 161.001(1) (Vernon 2008), and that termination is in the best interests of the children. See Tex.
Fam. Code Ann. § 161.001(2) (Vernon 2008). Regardless of whether the evidence concerning M.R.
would have any probative value concerning grounds for termination as listed in Section 161.001(1),
the evidence would be probative of whether termination is in the children's best interests. 

 Section 263.307 provides a laundry list (5) of factors to consider in determining the best interest
of the child. See Tex. Fam. Code Ann. § 263.307 (Vernon 2008). This list includes whether there
is "a history of abusive or assaultive conduct by the child's family," whether the family is willing to
"effect positive environmental and personal changes within a reasonable period of time," and the
parenting skills of the family. See id. The evidence concerning M.R. was probative evidence
concerning these factors. 

 The Texas Supreme Court has stated that the factors listed in Section 263.307 should be
taken into account when determining if termination of parental rights is in the best interests of 
children. In re R.R., 209 S.W.3d 112, 116 (Tex. 2006). This Court has commented that one of these
factors is Section 263.307(b)(7) allowing evidence of a "history of abusive or assaultive conduct by
the child's family." In re S.K.A., 236 S.W.3d 875, 903 (Tex. App.--Texarkana 2007), pet. denied,
260 S.W.3d 463 (Tex. 2008). When considering the same issue, best interest of a child, the San
Antonio Court of Appeals has held "the Family Code mandates that such evidence be admitted . . .
in order to establish what is in the best interest of the child." In re M.R., 975 S.W.2d 51, 55 (Tex.
App.--San Antonio 1998, pet. denied); see In re K.L.R., 162 S.W.3d 291, 305 (Tex. App.--Tyler
2005, no pet.) (agreeing evidence of other wrongs or acts was "admissible for the purpose of
determining what is in the child's best interest"). Even if Aguilar preserved the issue for appellate
review, the trial court did not abuse its discretion in admitting the evidence for the purpose of
determining whether termination was in the best interests of the children. (6) Aguilar's sole issue is
overruled.

 For the reasons stated, we affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: March 31, 2009

Date Decided: April 1, 2009


1. We note the record contains a signed order granting Aguilar's motion in limine. However,
as discussed below, the trial court ruled on the admissibility of the evidence prior to the testimony
of the first witness.
2. Aguilar cites a number of criminal cases to support her argument that error is preserved. In
the criminal context, preservation of error under these circumstances--while not a model of
clarity--is more clear than in the civil context. Because this is a civil case, we are obligated to
follow the precedent of the Texas Supreme Court rather than the precedent of the Texas Court of
Criminal Appeals.
3. Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993); see also Merrell Dow Pharms. v.
Havner, 953 S.W.2d 706 (Tex. 1997).
4. Clear and convincing evidence is that degree and quantity of evidence that produces in the
mind of the trier of fact a firm belief or conviction of the truth of the allegations to be established. 
Tex. Fam. Code Ann. § 101.007 (Vernon 2008); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). 
5. We note that the State justified the admission of the evidence on "a history of abusive or
assaultive conduct by the child's family." While some of the evidence concerning M.R. dealt with
abusive or assaultive conduct, most of the evidence concerning M.R. dealt with Aguilar's parenting
skills and Aguilar's decision to permit M.R.'s former teacher and her husband to be appointed M.R.'s
legal guardians. No further objection was posed to any of the evidence. This illustrates why some
courts have required, even if a ruling has been made outside the jury's presence, a specific,
contemporaneous objection when the evidence is offered, particularly if the evidence expands
beyond the scope for which it was originally offered. However, we must affirm the trial court's
ruling if it is correct under any legal theory supported by the record. A trial court cannot abuse its
discretion if it reaches the right result, even for the wrong reason. In re Guardianship of Erickson,
208 S.W.3d 737, 744 (Tex. App.--Texarkana 2006, no pet.). Therefore, we are not limited to the
single factor advanced by the State. 
6. In her appellate and reply brief, Aguilar relies considerably on a memorandum opinion of
this Court which reversed the defendant's conviction for misdemeanor assault involving family
violence due to the admission of evidence in violation of Tex. R. Evid. 404(b). See Simmons v.
State, No. 06-07-00071-CR, 2007 Tex. App. LEXIS 9732 (Tex. App.--Texarkana Dec. 14, 2007,
no pet.) (mem. op., not designated for publication). Because Simmons did not involve termination
of parental rights and the Texas Family Code provisions, but was a criminal case, it is
distinguishable. 


="font-family: Times New Roman">The Second Motion for "Final" Summary Judgment

 WNS also takes the position that appellants' response (and attached evidence) to its Second
Motion for Summary Judgment was untimely because it was not filed until May 15, 2001, six days
before the summary judgment hearing. 

 Appellants argue that the document was timely filed because it was timely mailed pursuant
to Tex. R. Civ. P. 5 and received no later than ten days thereafter. No copy of an envelope appears
in the record, and the document itself does not internally indicate it was mailed to the district clerk. (6) 
The filemark itself, however, indicates that it was received by the "mail processing deputy" of the
district clerk's office. The record shows that the document was received by mail, one day late. 

 We feel confident in concluding the document must have been mailed at least one day before
its receipt by the district clerk. If more than one day had been involved, we might well not reach the
same conclusion based on this type of nonspecific information. This highlights a weakness in the
system that can be of critical importance in an attempt to appeal. If a document is mailed so late that
it is not received timely and counsel seeks the safe harbor of the mailbox rule, counsel must ensure
the appellate record contains information to allow us to determine when the item was placed in the
mail. Tex. R. App. P. 9.2(b).

 We conclude the response was timely filed and will consider it in our review.


The First Partial Summary Judgment

 The two partial take-nothing summary judgments signed on January 22 and February 6, 2001,
respectively, are generic judgments which do not specify in any respect the grounds on which
judgment was rendered. The motion seeks relief under both the standard and no-evidence summary
judgment rules. 

Causes of Action

 Appellants sought to recover based on fraud, statutory fraud, and negligent misrepresentation,
violations of the Texas Securities Act, and breach of the stock purchase contract. 

No-Evidence Summary Judgment

 A no-evidence summary judgment shifts the burden to the nonmovant to present enough
evidence to be entitled to a trial. Tex. R. Civ. P. 166a(i). If the nonmovant is unable to provide
some evidence, then the trial court must grant the motion. Id. Once properly raised,

 Rule 166a(i) employs a no-evidence standard and places the burden on the nonmovant to produce
evidence on each and every challenged element of his claim. Heiser v. Eckerd Corp., 983 S.W.2d
313, 316 (Tex. App.-Fort Worth 1998, no pet.). Thus, a no-evidence summary judgment is
improperly granted if the respondent counters with more than a scintilla of probative evidence to
raise a genuine issue of material fact. See Tex. R. Civ. P. 166a(i); Isbell v. Ryan, 983 S.W.2d 335,
338 (Tex. App.-Houston [14th Dist.] 1998, no pet.); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68,
70-71 (Tex. App.-Austin 1998, no pet.). 

 WNS filed a proper no-evidence Motion for Summary Judgment in which it specified the
elements of each of the above-listed causes of action and stated it was entitled to judgment because
there was no evidence to support those claims. It was therefore appellants' burden to provide some
evidence of each specified element in order to avoid summary judgment. Appellants provided no
evidence which could be considered by the trial court. Accordingly, the trial court did not err by
rendering a no-evidence summary judgment.

THE FINAL SUMMARY JUDGMENT

Standard of Review - Summary Judgment

 The party moving for summary judgment has the burden of showing no genuine issue of
material fact exists and it is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); Swilley v. Hughes, 488 S.W.2d
64, 67 (Tex. 1972). A plaintiff moving for summary judgment must conclusively prove all essential
elements of its claim. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). A
defendant moving for summary judgment must either (1) disprove at least one element of the
plaintiff's theory of recovery, or (2) plead and conclusively establish each essential element of an
affirmative defense. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex.
1979).

 The final summary judgment provides a recovery for WNS on its claims for storage fees of
$13,261.12, plus $1,460 attorney's fees for that claim, and a separate award of attorney's fees if
$116,051 for the prosecution of the declaratory judgment, all payable by Merchandise Center, Inc. 
Contingent awards of attorney's fees were also made for various levels of appeals. A timely response
and two affidavits were filed by appellants in response to this Motion for Summary Judgment. The storage charges were for documents of Wallpapers To Go, which were stored by WNS
under the terms of the Stock Purchase Agreement, which required WNS to deliver records and
Merchandise Center to retain those records for ten years. 

 WNS had documents in storage. The contract required WNS to deliver the documents to
Merchandise Center. WNS did not deliver them to a different location, but told Merchandise Center
where they were and "tendered" the documents to them at that site. Merchandise Center did not
move the documents and declined to pay the bills for storage, and now claims it does not owe the
storage fees because the documents were never "delivered." Approximately twenty-nine months
elapsed without any payment from Merchandise Center, and the judgment is for that amount, which
is approximately $475 per month.

 Harold Otto's affidavit is attached to the Response to the Motion for Summary Judgment. 
He swears that Merchandise Center had agreed to pay for storage through December 1997 only, after
which the documents were to be delivered to Dallas at the expense of WNS, Inc. That does not
appear in a contract, and the basis for this agreement is not referenced by the affidavit. The affidavit
itself is also not in standard form, because Otto swore, "I am personally acquainted with the facts
stated herein," rather than the normal "personal knowledge" language. WNS complained about this
to the trial court, and also on appeal, as being inadequate to meet the requirements of an affidavit. 
We find that the different terminology is nothing more than an exercise in semantics and that Otto
was equally as bound by the language used as he would have been by the more typical "personal
knowledge" recitation. 

 This constitutes some evidence controverting WNS's claim for storage fees. Summary
judgment was therefore improperly rendered on this claim.

Attorney's Fees 

 Attorney's fees in this case were sought and awarded under the declaratory judgment statute. 
See Tex. Civ. Prac. & Rem. Code Ann. § 37.001, et seq. (Vernon 1997 & Supp. 2002). What
constitutes reasonable attorney's fees is a question of fact, but clear, direct, and uncontroverted
evidence of attorney's fees is taken as true as a matter of law, especially when the opposing party has
not rebutted the evidence. Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881-82 (Tex.
1990); Grace v. Duke, 54 S.W.3d 338, 344 (Tex. App.-Austin 2001, no pet.). In this case, the major
award of attorney's fees to WNS was $116,051 for the prosecution of the declaratory judgment,
payable by Merchandise Center. A separate award of $1,460 in attorney's fees, also payable by
Merchandise Center was also made specifically in connection with a separate claim for storage fees. 
Contingent awards of attorney's fees were also made for various levels of appeals. 

 In this case, WNS's counsel provided extremely detailed billing statements to justify WNS's
claim for attorney's fees. WNS argued that the only reason this lawsuit had become so complex and
unwieldy was because appellants had brought in subsidiary parties that had no justiciable interest in
the case, but all of which required legal work in response, and that the multiple claims raised by
appellants were all directed at the same relatively simple action: seeking a legal determination of
their respective rights under the contract. Thus, WNS concludes, the matters involved were so
intertwined as to be inseparable, and attorney's fees for each issue could not be adequately
segregated.

 In response, appellants filed an affidavit stating the matters could be segregated. Appellants
agree that the original declaratory judgment action was much simpler and argue that the only
reasonable attorney's fees for that action would be about $2,500 for the cost of a single pleading and
hearing (affidavit of appellant's counsel, Stephen Cavanaugh). 

 Based on this state of the record, appellants contend that there is controverting evidence and
that summary judgment was improper on this point. We have recently addressed a similar argument
in AU Pharm., Inc. v. Boston, 986 S.W.2d 331, 338 (Tex. App.-Texarkana 1999, no pet.). In that
case, we concluded that where the nonmovant produced a contravening affidavit regarding fees, it
created an issue of fact regarding the reasonableness of the fees that precluded the granting of
summary judgment under Tex. R. Civ. P. 166a(c). See Gen. Elec. Supply Co. v. Gulf Electroquip,
Inc., 857 S.W.2d 591, 601 (Tex. App.-Houston [1st Dist.] 1993, no writ). 

 Similarly, the court in the General Electric case holds that a summary judgment award of
attorney's fees is improper when the nonmovant produces a controverting affidavit on reasonable
attorney's fees. To constitute proper summary judgment evidence under Rule 166a(f), an affidavit
must be made on personal knowledge, set forth facts which would be admissible in evidence, and
show the affiant's competence. Fisher v. Yates, 953 S.W.2d 370, 383 (Tex. App.-Texarkana 1997),
writ denied, 988 S.W.2d 730 (Tex. 1998) (per curiam). The allegations must be direct, unequivocal,
and such that perjury is assignable. Id.

 Here, Cavanaugh swore by affidavit that he practices in the Houston area and is familiar with
the legal services necessary to handle claims of the type involved in this case and that applying his
knowledge of the time and labor involved, difficulty of the issues presented, the skills requisite to
properly conduct the case, customary charges of the bar, and awards in similar cases, he is of the
opinion that a reasonable fee would be $2,500 for prosecuting the declaratory judgment to
conclusion. 

 The Declaratory Judgment Act provides that the trial court may award "reasonable and
necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009. 
The decision to grant or deny attorney's fees is within the trial court's sound discretion. Oake v.
Collin County, 692 S.W.2d 454, 455 (Tex. 1985). (7)

 The determination of reasonable attorney's fees is a question for the trier of fact. Stewart
Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11, 12 (Tex. 1991). However, if attorney's fees are
authorized for some, but not all, of a party's claims, that party generally has the duty to segregate the
recoverable attorney's fees from the unrecoverable attorney's fees. Id. at 11. This general rule is
subject to an exception. A party is not required to segregate attorney's fees incurred in litigating
different claims if the claims involved the same set of facts or circumstances and are "interwined to
the point of being inseparable." Id. In a situation in which a party's prosecution or defense involves
proof or denial of essentially the same facts, the party is entitled to recover the entire amount
covering all claims, subject only to the requirement that the attorney's fees be reasonably and
necessarily incurred as well as equitable and just. Id.; Gage Van Horn & Assocs., Inc. v. Tatom, 26
S.W.3d 730, 734 (Tex. App.-Eastland 2000, no writ). This concept applies to declaratory judgment
actions that are inextricably intertwined with other claims based on the same facts or situations. 
Duncan Land & Exp., Inc. v. Littlepage, 984 S.W.2d 318, 333 (Tex. App.-Fort Worth 1998, pet.
denied); City of Bridge City v. State ex rel. City of Port Arthur, 792 S.W.2d 217, 228 (Tex.
App.-Beaumont 1990, writ denied).

 In this case, appellants do not contend that the total amount of the fees was unreasonable for
the prosecution of the entire case, but instead argue that fees should have been available only for one
small portion of the lawsuit because the other matters involved were not sufficiently intertwined as
to entitle WNS to recover the entire amount and that WNS was thus required to segregate its fees
among the different actions. The question of whether all of the actions are so intertwined as to allow
recovery of fees for defending the entirety of the lawsuit is a preliminary question that must be
answered by the court before the fact-finder can determine whether the fees are reasonable. See
Sterling, 822 S.W.2d at 11. As noted above, such a determination is based on the nature of the
claims raised and the facts or circumstances addressed by those claims.

 We have reviewed the assortment of claims brought by Merchandise Center and Tortola
against WNS, and we agree with the trial court that the multiple actions involved in this case that
were disposed of by the summary judgment are indeed so intertwined with the original declaratory
judgment action that the attorney's fees incurred in the suit cannot be segregated. 

 The parties never took the position that the issues and facts concerning the storage of the
records were intertwined, as is directly shown by the fact that a separate award of attorney's fees was
made on that matter. It is obvious that the storage fee issue is entirely separate from the issues that
have been otherwise raised by appellants in this case, and it was so treated by the parties. When an
error affects part of, but not all of, the matter in controversy and that part is separable, we are
required to order a new trial only as to the part affected by the error. Tex. R. App. P. 44.1(b). We
have concluded that we must sever that issue from the main body of this proceeding, and we
therefore likewise reverse the attorney's fees award related to the storage fees. 

 A remaining question is whether we must sever the attorney's fees award made in the
summary judgment and remand that matter for a new trial. 

 The critical question in reviewing the award of attorney's fees in the summary judgment is
whether the award of those fees should be remanded because they include fees from the dismissals,
which we are remanding to the trial court. As set out above, the first question is whether the facts
and circumstances were the same in both the suit subject to the present appeal and in the claims
which were dismissed. The claims in the dismissed suits were mirror images of the claims which
are addressed in this appeal--but raised by different parties against the same defendant. WNS's
defense involved denial of not only "essentially" the same facts, but involved denial of exactly the
same facts. The work done by WNS's counsel in responding to the claims that were dismissed (up
to the point that WNS's counsel sought dismissal) was not simply similar to other work done: it was
the same work.

 It does not follow that the fees charged for obtaining the dismissal itself could not have been
divided out from those charged for the legal work preceding that action. Those particular fees for
the dismissal motions were probably quite minimal in comparison to the fees awarded for the
defense of the claims. They could also probably have been separated, and on request, should have
been. 

 However, appellants have not sought that relief from this court. By failing to present a point
or argument, an appellant waives the right to complain of the error. The court of appeals will err if
it reverses on that ground in the absence of properly assigned error. Pat Baker Co. v. Wilson, 971
S.W.2d 447, 450 (Tex. 1998); Vawter v. Garvey, 786 S.W.2d 263 (Tex. 1990); Allright, Inc. v
Pearson, 735 S.W.2d 240 (Tex. 1987). We, therefore, may not raise that claim on their behalf. 
Appellants have asked this court to find that the trial court erred by failing to segregate the fees
related to the declaratory judgment from all other fees. We agree with the trial court that the fees
charged in pursuing the various actions cannot be effectively segregated. Accordingly, we cannot
grant the relief sought by appellants.

 We affirm the summary judgment taken in favor of WNS, except that we reverse the award
of storage fees and reverse the award to WNS of $1,460 in attorney's fees related to the storage fees
claim. We reverse the trial court's dismissal of the actions by Tortola and Merchandise Center. The
case is remanded to the trial court for further proceedings consistent with this opinion. 



 Ben Z. Grant

 Justice


Date Submitted: February 28, 2002

Date Decided: August 9, 2002


Publish
1. At trial, because of the consolidation of the cases, WNS was positioned as the plaintiff,
while Merchandise Center, Tortola, and Wallpapers To Go were named as defendants.
2. Martinez was also the president of Wallpapers To Go, and had been with that company for
six years before the purchase.
3. Otto was the former president of WNS, and Martinez was the president of Wallpapers To
Go.
4. TNST purchased six stores from Wallpapers To Go.
5. Although not a factor in our review, we also note appellants did, in a post-dismissal motion,
ask the trial court to permit them to amend their pleadings, without avail.
6. There is a notation on the document that it was"served by fax" on opposing counsel on
May 11. 
7. Any fees granted must be reasonable and necessary, which are questions of fact, as well as
equitable and just, which are questions of law. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).