**Affirmed in Part, Reversed in Part, and Remanded, and Opinion filed July 27, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00670-CV

---

### FRANK TRAINA, Appellant

### V.

### HARGROVE AND ASSOCIATES INC., Appellee

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-56033**

---

### O P I N I O N

Appellant Frank Traina sought a declaratory judgment that a covenant not to compete he entered into with his employer, appellee Hargrove and Associates, Inc., was unenforceable. The trial court ruled in Hargrove's favor. Traina challenges the trial court's judgment, arguing in three issues that the trial court reversibly erred by (1) determining the covenant not to compete was ancillary to or part of an otherwise enforceable agreement, (2) determining that attorney's fees under the

Uniform Declaratory Judgments Act (UDJA)[1] were not available in this case, and (3) reforming the covenant not to compete. We sustain issue 2 and remand for further proceedings limited to attorney's fees. We otherwise affirm the trial court's judgment as challenged on appeal.

## I.  BACKGROUND

Traina joined Hargrove, an engineering firm, as an at-will employee. In 2015, he was made an associate in the company and signed a new employment agreement. The agreement stated that (1) Hargrove could terminate his employment at any time with 30-days notice and (2) Hargrove could terminate Traina's employment "with cause," listing eight reasons that would support termination for cause. The employment agreement also contained a covenant not to compete, which provided:

> During the term of this Agreement and for a period of eighteen (18) months after the Employee's termination of employment, for any reason, Employee agrees and covenants, as consideration for this Agreement, his employment and his compensation hereunder, that he shall not . . . engage or be interested . . . in any phase of an engineering business similar to the business of the Company in the Company's trade area. The "trade area" shall mean the geographic area within the corporate limits of Mobile, Alabama, and the corporate limits of the city in which Employee's principal office or station with the Company is located if other than Mobile, Alabama (collectively, the "Cities"), and within a 200-mile radius of each of said Cities.

Traina resigned his employment in April 2018, effective May 2018. He then filed this lawsuit seeking a declaration under the UDJA that the covenant not to compete in his employment agreement was unenforceable. The parties filed competing motions for summary judgment. The trial court granted Hargrove's motion in part, determining that the covenant was ancillary to and part of an

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011.

otherwise enforceable agreement at the time it was entered into and reasonable with respect to time and geographic restrictions, but also determining that the covenant was unreasonable as to limitations on the scope of activity. Accordingly, the trial court reformed the covenant "to limit the scope of restricted activity to employment performing downstream oil and gas work." Finally, the trial court declined to award attorney's fees.[2]

## II.  ANALYSIS

In three issues, Traina challenges the trial court's judgment granting, in part, Hargrove's motion for traditional summary judgment, and implicitly denying Traina's motion for traditional summary judgment. Traditional summary judgment is appropriate when, on the record presented to the court, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

### A.  Otherwise enforceable agreement

In issue 1, Traina argues the covenant not to compete is not enforceable because it was not ancillary to or part of an otherwise enforceable agreement at the time the agreement was made, as required by Business and Commerce Code section 15.50(a).[3] Tex. Bus. & Com. Code Ann. § 15.50(a) (to be enforceable,

---

[2] The trial court's judgment states that it "*resolves all pending actions, issues and requested remedies* making this a **FINAL** judgment." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

[3] Hargrove agrees, as do we, that its mootness argument addressed in issue 3 does not apply to this issue, as the enforceability of the covenant relates to Traina's live claim for attorney's fees.

We further note that, while the employment agreement states it is governed by Alabama law, no party argues on appeal that Alabama law applies. "Choice of law issues can be waived if not properly invoked." *Kubbernus v. ECAL Partners, Ltd.*, 574 S.W.3d 444, 473 (Tex. App.— Houston [1st Dist.] 2018, pet. denied) (citing *General Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 919 (Tex. 1993) and collecting cases); *see also* Tex. R. App. P. 33.1(a).

3

covenant not to compete must be "ancillary to or part of an otherwise enforceable agreement" and "reasonable"). We first address Traina's argument that the employment agreement, of which the covenant not to compete was part, is not an "otherwise enforceable agreement" because it is based on at-will employment, rendering its promises illusory and unenforceable. *See Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 644–45 (Tex. 1994) (promise based on at-will employment "would be illusory because it fails to bind the promisor who always retains the option of discontinuing employment in lieu of performance"), *abrogated on other grounds by Marsh USA Inc. v. Cook*, 354 S.W.3d 764 (Tex. 2011).

In its motion for summary judgment, Hargrove argued that the employment agreement was an "otherwise enforceable agreement" because it transformed Traina's employment from employment terminable at will to employment that could only be terminated for cause. Paragraph 1 of the employment agreement states that Traina's employment with Hargrove "shall continue until terminated under the provisions of Paragraph 8 of this Agreement ('Term')." Paragraph 8 states:

> 8. <u>Termination</u>.
>
> (a) <u>By Employee</u>. Employee shall have the right to terminate this Agreement at any time by giving the Company 30 days prior written notice. Upon the effective date of such termination, all obligations of the Company to Employee hereunder shall be terminated and all rights of Employee hereunder shall be forfeited except that Employee shall be entitled to any obligations accruing to Employee prior to such date.
>
> (b) <u>By Company With Cause</u>. The Company shall have the right to terminate this Agreement at any time "with cause," as defined below, upon written notice to Employee. Upon the effective date of such termination, all obligations of the Company to Employee hereunder shall be terminated and all rights of Employee hereunder

shall be forfeited except that Employee shall be entitled to any obligations accruing to Employee prior to such date.

"With Cause" shall be for any one or more of the following reasons:

(a) Upon the death of the Employee;

(b) In the event Employee is unable due to mental or physical illness or accident to perform substantially all of the duties customarily performed by Employee for a continuous period of six months;

(c) Employee's failure to abide by the terms of this Agreement or any lawful directive of the Board of Directors;

(d) Employee's conviction of a felony or a misdemeanor involving moral turpitude under the laws of any state or the United States of America;

(e) Willful conduct of the Employee, which does not conform to generally recognized and accepted professional standards or which materially affects or endangers a client relationship, the reputation, or the financial and professional standing of the Company;

(f) Addiction of the Employee to drugs, or habitual use of drugs which interferes with the Employee's ability to perform his duties pursuant to this Agreement;

(g) Mental incompetency of the Employee;

(h) The refusal or failure to cooperate with other employees of the Company or others with whom Employee may come into contact in connection with his employment.

Accordingly, the employment agreement states that Traina's employment shall continue until terminated in accordance with paragraph 8, and paragraph 8 contains two options: Traina could terminate the agreement with 30-days notice, or the company could terminate Traina's employment "with cause" as defined in the agreement. The plain language of the agreement accordingly altered the at-will employment relationship, such that the agreement's promises were not illusory. *Queen v. RBG USA, Inc.*, 495 S.W.3d 316, 324 (Tex. App.—Houston [14th Dist.]

5

2016, pet. denied) ("When an employment contract provides that an employer may terminate an employee 'for cause,' the contract is not illusory."). Accordingly, we reject Traina's contention that the employment agreement was not an "otherwise enforceable agreement" under section 15.50(a) because it was supported by illusory promises based on the at-will employment relationship. *See id.* (citing *Wood v. Reserve First Partners, Ltd.*, No. 09-06-217-CV, 2007 WL 2199901, at \*3 (Tex. App.—Beaumont Aug. 2, 2007, no pet.) (mem. op.) (concluding employment agreement was "otherwise enforceable agreement" under section 15.50(a) because it provided that employer could only terminate employee "for cause" and "[t]hus, the employment relationship was not at will, and the promises were not illusory")).[4]

We overrule issue 1.

## B. Reformation

In issue 3, in the alternative to issue 1, Traina argues that the trial court erred by reforming the covenant not to compete. Traina, however, resigned his employment with Hargrove effective May 2018; accordingly, the 18-month covenant expired in November 2019, shortly before the parties filed their briefs in this case. "[T]he issue of reformation becomes moot after the term of the noncompetition covenant has expired." *Sadler Clinic Ass'n, P.A. v. Hart*, 403 S.W.3d 891, 899 (Tex. App.—Beaumont 2013, pet. denied) (citing *Weatherford Oil Tool Co. v. Campbell*, 340 S.W.2d 950, 952 (Tex. 1960)).

We dismiss as moot issue 3.

---

[4] Based on this conclusion, we need not address the parties' arguments as to whether a separate stock agreement between Traina and Hargrove met the requirements of section 15.50(a). Tex. R. App. P. 47.1.

6

## C. Attorney's fees

In issue 2, Traina argues the trial court erred by determining that UDJA attorney's fees are preempted by the Business and Commerce Code, which provides exclusive remedies "in an action to enforce a covenant not to compete." Tex. Bus. & Com. Code Ann. § 15.52. Traina argues that his UDJA claim is not "an action to enforce a covenant not to compete" and that his entitlement to attorney's fees should be determined under the UDJA.[5]

The trial court stated in its judgment:

> 3. Attorney fees are not recoverable in a covenant not to compete action under the Texas Civil Practice & Remedies Code § 37.009 and, in addition, none are available under the Texas Business & Commerce Code §§ 15.50-52. Therefore no attorney's fees are awarded in this action.

Regarding covenants not to compete, Business and Commerce Code section 15.52 states:

> The criteria for enforceability of a covenant not to compete provided by Section 15.50 of this code and the procedures and remedies in an action to enforce a covenant not to compete provided by Section 15.51 of this code are exclusive and preempt any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise.

Tex. Bus. & Com. Code Ann. § 15.52. Hargrove argues that Traina's claim for attorney's fees under the UDJA is preempted by section 15.52 because, when "the employee asks for a declaratory judgment and the employer denies unenforceability and moves for a summary judgment that the covenant is

---

[5] The UDJA provides, "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009. Traina does not argue he is entitled to attorney's fees under the Business and Commerce Code. *See* Tex. Bus. & Com. Code Ann. § 15.51(c).

enforceable, the case is functionally equivalent to 'an action to enforce a covenant' as referenced in § 15.52, because the employer is in effect seeking to enforce the covenant rather than allow the employee to avoid it." We disagree. The only claim brought in this case is Traina's claim for a declaration that the covenant is *un*enforceable. Under such circumstances, this case does not qualify as "an action to *enforce* a covenant not to compete" under the plain meaning of the statute. *Id.* (emphasis added); *see Gage Van Horn & Assocs., Inc. v. Tatom*, 26 S.W.3d 730, 732–33 (Tex. App.—Eastland 2000, pet. denied) (employee's UDJA claim "seeking court construction of the covenant not to compete" was not "an action to enforce a covenant not to compete" under section 15.52).

The cases Hargrove relies on are factually distinguishable. In *Sadler*, the Beaumont Court of Appeals determined that UDJA attorney's fees were unavailable to intervening employees who had brought declaratory-judgment claims, explaining that, "[i]n this proceeding, the exclusivity and preemption provision of the Covenants Not To Compete Act precludes an award of attorney fees under the Declaratory Judgments Act." 403 S.W.3d at 900. In that case, however, the first-filed claim was a claim by the employer seeking to enforce the covenant at issue, leading the court to characterize the entire proceeding as "an action to enforce a covenant not to compete." *See id.* No such claim for enforcement by the employer is present here. Hargrove also cites Justice Hecht's concurrence in *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, in which Justice Hecht opined that, when an employer brings a claim to enforce a covenant not to compete and an employee brings a UDJA claim that the covenant is unenforceable, attorney's fees for both claims are governed by the exclusivity provision in section 15.52. 289 S.W.3d 844, 854–56 (Tex. 2009) (Hecht, J., concurring). Again, in that example, an employer's action to enforce a covenant

8

and an employee's UDJA action opposing enforcement are *together* determined to be an "an action to enforce a covenant not to compete." In the case before us, however, there is no claim to enforce the covenant not to compete, and accordingly we conclude that UDJA attorney's fees are not preempted by section 15.52.

We sustain issue 2.

### III. CONCLUSION

Having sustained issue 2, we consider the proper remedy. The trial court's judgment indicates the trial court did not award attorney's fees under the UDJA on the grounds that an award of such fees was preempted. Accordingly, it does not appear that the trial court considered the merits of whether Traina was entitled to attorney's fees under the UDJA. "Remand is appropriate when a case, for any reason, has not been fully developed." *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *14 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.) (citing *United States Fire Ins. Co. v. Carter*, 473 S.W.2d 2, 3 (Tex. 1971) and collecting cases). Accordingly, we reverse the portion of the trial court's judgment stating that "Defendant's request that plaintiff receive no award of attorney fees be **GRANTED**" and remand the case to the trial court for further proceedings limited to consideration of Traina's claim for attorney's fees under the UDJA. Tex. R. App. P. 43.2(d), 43.3. We otherwise affirm the trial court's judgment as challenged on appeal.


/s/     Charles A. Spain
       Justice


Panel consists of Justices Spain, Hassan, and Poissant.

9